**ALCOA STEAMSHIP COMPANY, Inc.,**
Respondent, Appellant,

v.

Henry WATSON, Libellant, Appellee.

No. 6072.

United States Court of Appeals
First Circuit.

Heard Feb. 6, 1963.

Decided Feb. 21, 1963.

Juan R. Torruella del Valle, Santurce, P. R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P. R., was on brief, for appellant.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellee.

Before WOODBURY, Chief Judge, and MARIS* and ALDRICH, Circuit Judges.

PER CURIAM.

This is an appeal by the respondent steamship company from a decree of the United States District Court for the District of Puerto Rico entered on November 26, 1962 in favor of the libellant seaman for maintenance and cure, both for 184 days prior to October 1, 1962 with interest and for 62½ days after that date, for consequential damages for refusal to provide maintenance and cure, and for proctor's fees.

The issues presented to the district court were basically factual. They were (1) whether the libellant, who was suffering from an ulcer of the left leg resulting from an injury received on shipboard the healing of which was retarded by his varicose condition, and who also had a brain syndrome, was so far cured as to be fit for duty on February 23, 1962 when the respondent ceased payment to him of maintenance and cure or at any time thereafter prior to trial on October 18, 1962; (2) whether the libellant's alleged refusal between April 4 and May 11, 1962 to accept treatment offered by the Public Health Service which involved his transfer from San Juan to New York was so unwarranted as to forfeit his right to maintenance and cure; (3) whether the libellant's condition was such at the time of trial as to justify the limited award of future maintenance and cure which the District Court made; and finally (4) whether the facts justified the award of consequential damages for the respondent's failure to pay the maintenance and cure which the District Court found to be due to the libellant for the past.

We have considered the evidence with care. It would serve no useful purpose to recount it here. It is enough to say that it furnishes support for the findings of fact of the District Court which resolved the foregoing issues in the libellant's favor and that we cannot hold those findings to be clearly erroneous. Nor can we find error in the District Court's conclusions of law and decree which follow from and are fully supported by the findings of fact. The decree of the District Court must accordingly be affirmed.

* Sitting by designation.

In this court the libéllant has asked for additional damages under our former Rule 32(2) and additional proctor's fees (other than statutory) to compensate him for the delay and additional expense occasioned by the respondent's appeal. These additional allowances will, however, not be granted since the appeal was not frivolous and we regard the damages and proctor's fees which were allowed by the District Court and included in the sum awarded by its decree as adequate for the entire litigation.

Judgment will be entered affirming the decree of the District Court.